UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ANGEL OCTAVIO REYES
VALENZUELA,

                Petitioner,

v.                                     No. 1:26-CV-00138-H

WARDEN, BLUEBONNET
DETENTION CENTER,

                Respondent.

## ORDER

Petitioner's fiancé filed a petition for writ of habeas corpus on his behalf. Dkt. No. 1. The Court found that the case could not proceed as filed by Petitioner's fiancé and provided Petitioner an opportunity to pursue habeas relief on his own behalf. Dkt. Nos. 4, 8. Now, as explained below, the Court finds that the petition must be dismissed because Petitioner failed to cure the filing deficiencies.

On April 1, 2026, the Court entered an order and notice of deficiency requiring Petitioner to file a signed, amended petition and either pay the filing fee or file an application to proceed *in forma pauperis* (IFP) within 30 days if he wanted to pursue habeas relief. Dkt. No. 4. The Court warned Petitioner that failure to comply could result in the dismissal of this case. *Id.* Petitioner partially complied with the April 1 order. He filed an amended petition, but he did not pay the filing fee or file an IFP application.

Then the Court entered a deficiency show cause order, requiring Petitioner to cure the filing-fee deficiency or show cause why his petition should not be dismissed for want of prosecution within 14 days. Dkt. No. 8. Again, the Court warned Petitioner that his failure to comply would result in the dismissal of this action. Petitioner did not pay the filing fee or file the required IFP application, and the time to do so has passed.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

This case cannot proceed because Petitioner has not cured the filing-fee deficiency or sought a reasonable extension of time to do so. The Court, therefore, finds that Petitioner's petition for writ of habeas corpus should be dismissed without prejudice for want of prosecution and for failure to comply with the Court's prior orders.

So ordered.

The Court will enter judgment accordingly.

Dated June 5, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge